Donald P. Sullivan (State Bar No. 191080)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401
E-mail:  Donald.Sullivan@jacksonlewis.com

Attorneys for Defendants
DIRTY HANDS, LLC and DIRTY HANDS,
LLC HEALTH BENEFITS PLAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POMONA VALLEY HOSPITAL MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>DIRTY HANDS, LLC, DIRTY HANDS, LLC HEALTH BENEFITS PLAN, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 2:26-cv-00447<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants DIRTY HANDS, LLC ("Dirty Hands") and the DIRTY HANDS, LLC HEALTH BENEFITS PLAN ("Plan") (collectively, "Defendants") hereby answer the Complaint filed in this action by Plaintiff POMONA VALLEY HOSPITAL MEDICAL CENTER ("Pomona") as follows:

1.      Answering Paragraph 1 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

2.      Answering Paragraph 2 of the Complaint, Defendants admit that Dirty Hands is a Connecticut limited liability company.  Defendants further admit and allege that Dirty Hands is a merchandiser and broker of natural and organic products. Except as expressly admitted, Defendants deny each and every allegation asserted

in the paragraph.

3.      Answering Paragraph 3 of the Complaint, Defendants admit that the Plan is a self-funded health benefits plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), and that the Plan is sponsored by Dirty Hands.  Except as expressly admitted, Defendants deny each and every allegation asserted in the paragraph.

4.      Answering Paragraph 4 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

5.      Answering Paragraph 5 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

6.      Answering Paragraph 6 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants do not contest that this Court has jurisdiction over this dispute.  Except as expressly admitted, Defendants deny each and every allegation asserted in the paragraph.

7.      Answering Paragraph 7 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants do not contest that venue is proper in this Court.  Except as expressly admitted, Defendants deny each and every allegation asserted in the paragraph.

8.      Answering Paragraph 8 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph and deny that Pomona is entitled to any relief by way of this lawsuit.

9.      Answering Paragraph 9 of the Complaint, Defendants assert that it

Defendants' Answer to Complaint                                   Case No. 2:26-cv-00447

contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

10. Answering Paragraph 10 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

11. Responding to Heading A, Defendants deny each and every allegation asserted in the heading.

12. Answering Paragraph 11 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

13. Answering Paragraph 12 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

14. Answering Paragraph 13 of the Complaint, Defendants deny each and every allegation asserted in the paragraph.

15. Answering Paragraph 14 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

16. Answering Paragraph 15 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

17. Answering Paragraph 16 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

18. Answering Paragraph 17 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore,

Defendants' Answer to Complaint                                                    Case No. 2:26-cv-00447

a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

19. Answering Paragraph 18 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

20. Answering Paragraph 19 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

21. Responding to Heading B, Defendants deny each and every allegation asserted in the heading.

22. Answering Paragraph 20 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

23. Answering Paragraph 21 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

24. Answering Paragraph 22 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

25. Answering Paragraph 23 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

26. Responding to Heading C, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the heading.

27. Answering Paragraph 24 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore,

4

a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

28. Answering Paragraph 25 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph and footnote 2.

29. Answering Paragraph 26 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

30. Answering Paragraph 27 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

31. Answering Paragraph 28 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

32. Answering Paragraph 29 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

33. Answering Paragraph 30 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

34. Answering Paragraph 31 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

35. Answering Paragraph 32 of the Complaint, Defendants are without

sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

36.    Answering Paragraph 33 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

37.    Answering Paragraph 34 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

38.    Responding to Heading D, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants deny each and every allegation asserted in the heading.

39.    Answering Paragraph 35 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants deny each and every allegation asserted in the heading.

40.    Answering Paragraph 36 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants deny each and every allegation asserted in the heading.

41.    Answering Paragraph 37 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants deny each and every allegation asserted in the heading.

42.    Answering Paragraph 38 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore,

Defendants' Answer to Complaint                                        Case No. 2:26-cv-00447

a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the heading.

43. Answering Paragraph 39 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the heading.

44. Answering Paragraph 40 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the heading.

45. Answering Paragraph 41 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the heading.

46. Answering Paragraph 42 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the heading.

47. Answering Paragraph 43 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the heading.

48. Answering Paragraph 44 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the heading.

49. Answering Paragraph 45 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore,

7

a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the heading.

50. Answering Paragraph 46 of the Complaint, Defendants deny each and every allegation asserted in the heading.

51. Answering Paragraph 47 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the heading.

52. Answering Paragraph 48 of the Complaint, Defendants deny each and every allegation asserted in the heading.

53. Answering Paragraph 49 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the heading.

54. Responding to Heading E, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the heading.

55. Answering Paragraph 50 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

56. Answering Paragraph 51 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

57. Answering Paragraph 52 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore,

Defendants' Answer to Complaint                                    Case No. 2:26-cv-00447

a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

58. Answering Paragraph 53 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

59. Answering Paragraph 54 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

60. Answering Paragraph 55 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

61. Answering Paragraph 56 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

62. Answering Paragraph 57 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

63. Answering Paragraph 58 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

64. Answering Paragraph 59 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore,

Defendants' Answer to Complaint                                    Case No. 2:26-cv-00447

a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph and in footnote 3.

65. Answering Paragraph 60 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

66. Answering Paragraph 61 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

67. Answering Paragraph 62 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

68. Answering Paragraph 63 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

69. Answering Paragraph 64 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

70. Responding to Paragraph 65 of the Complaint, Defendants incorporate all of their responses to Paragraphs 1 to 64 of the Complaint as if fully stated herein.

71. Answering Paragraph 66 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

Defendants' Answer to Complaint                                    Case No. 2:26-cv-00447

72. Answering Paragraph 67 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

73. Answering Paragraph 68 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

74. Answering Paragraph 69 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

75. Answering Paragraph 70 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

76. Answering Paragraph 71 of the Complaint, Defendants are without sufficient information to either admit or deny the allegations and on that basis deny each and every allegation asserted in the paragraph.

77. Answering Paragraph 72 of the Complaint, Defendants deny each and every allegation asserted in the paragraph.

78. Answering Paragraph 73 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

79. Answering Paragraph 74 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

80. Answering Paragraph 75 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny

Defendants' Answer to Complaint                                    Case No. 2:26-cv-00447

each and every allegation asserted in the paragraph.

81.  Answering Paragraph 76 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

82.  Answering Paragraph 77 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

83.  Answering Paragraph 78 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

84.  Answering Paragraph 79 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

85.  Answering Paragraph 80 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

86.  Answering Paragraph 81 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

87.  Answering Paragraph 82 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants deny

12

each and every allegation asserted in the paragraph.

88.   Answering Paragraph 83 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

89.   Answering Paragraph 84 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

90.   Answering Paragraph 85 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

91.   Answering Paragraph 86 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

92.   Responding to Paragraph 87 of the Complaint, Defendants incorporate all of their responses to Paragraphs 1 to 86 of the Complaint as if fully stated herein.

93.   Answering Paragraph 88 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

94.   Answering Paragraph 89 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required. To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

95.   Answering Paragraph 90 of the Complaint, Defendants assert that it

Defendants' Answer to Complaint                    Case No. 2:26-cv-00447

contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

96.    Answering Paragraph 91 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

97.    Answering Paragraph 92 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

98.    Answering Paragraph 93 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

99.    Answering Paragraph 94 of the Complaint, Defendants assert that it contains legal argument and conclusions instead of factual allegations and, therefore, a response is not required.  To the extent a response is required, Defendants deny each and every allegation asserted in the paragraph.

### DENIAL OF PLAINTIFF'S PRAYER FOR RELIEF

100.   Responding to the Prayer for Relief, and each of its subparts, Defendants deny each and every allegation and deny that Plaintiff is entitled to any of the relief requested.

### DENIAL OF REMAINING ALLEGATIONS

101.  Defendants deny each and every allegation in the Complaint not specifically admitted.

### SEPARATE AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendants assert the following affirmative and additional defenses. By

14

asserting these defenses, Defendants do not assume the burden of proof on any issue for which Plaintiff bears the burden. Defendants reserve all rights to amend, supplement, withdraw, or modify these defenses as discovery proceeds and as the administrative record is developed.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (No Benefits Due Under the Plan)

Plaintiff's claims are barred, in whole or in part, because the benefits sought are not payable under the terms, conditions, limitations, exclusions, definitions, and procedures of the Dirty Hands, LLC Health Benefits Plan, including all applicable amendments and governing plan documents.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Derivative Standing)

Plaintiff lacks standing to sue under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), because Plaintiff is not a participant, beneficiary, fiduciary, or other person authorized to bring the claims asserted, and any alleged assignment does not confer standing to assert the claims pleaded.

## FOURTH AFFIRMATIVE DEFENSE

### (No Assignment of Right to Sue)

Plaintiff's claims are barred or limited because the Plan does not permit any participant or beneficiary to assign the right to sue to recover benefits, enforce rights under the Plan, or assert other causes of action against the Plan or its fiduciaries.

## FIFTH AFFIRMATIVE DEFENSE

### (Limited Assignment of Benefits)

To the extent Plaintiff relies on an assignment of benefits, any such

assignment is limited by the terms of the Plan, including the Plan Administrator's discretion regarding payment, recognition, revocation, and treatment of any assignment. Any alleged assignment does not expand Plaintiff's rights beyond those available to the participant or beneficiary under the Plan.

## SIXTH AFFIRMATIVE DEFENSE
### (No Authorized Representative Status)

Plaintiff's claims are barred or limited to the extent Plaintiff was not properly designated as an authorized representative under the Plan. An assignment of benefits is not a designation of a provider as an authorized representative, and Plaintiff may not rely on rights, communications, appeals, or procedures reserved to the claimant or a duly authorized representative absent compliance with the Plan's authorized-representative requirements.

## SEVENTH AFFIRMATIVE DEFENSE
### (Vehicle Accident / Seatbelt Exclusion)

Plaintiff's claims are barred, in whole or in part, by the Plan's Vehicle Accident exclusion because the charges allegedly arise from treatment of an injury sustained in an automobile accident in which the participant was not wearing a seatbelt, and no exception to the exclusion applies.

## EIGHTH AFFIRMATIVE DEFENSE
### (Plan Exclusions and Limitations)

Plaintiff's claims are barred, reduced, or limited by all applicable Plan exclusions, limitations, conditions, definitions, and benefit restrictions, including but not limited to exclusions or limitations relating to no coverage, no legal obligation, not specified as covered, medical necessity, maximum allowable charge, third-party responsibility, subrogation, reimbursement, vehicle accidents, personal injury insurance, and other applicable Plan terms.

/ / /

/ / /

16

## NINTH AFFIRMATIVE DEFENSE

### (Personal Injury Insurance / Automobile Coverage)

Plaintiff's claims are barred, reduced, secondary, or excess to any medical-payment, personal-injury-protection, no-fault, uninsured-motorist, underinsured-motorist, liability, responsible-party, or other vehicle-related insurance, coverage, settlement, judgment, recovery, or source of payment available or potentially available in connection with the accident.

## TENTH AFFIRMATIVE DEFENSE

### (Coordination of Benefits / Excess Coverage)

Plaintiff's claims are barred, reduced, or limited by the Plan's coordination-of-benefits, excess-insurance, vehicle-limitation, right-of-recovery, subrogation, reimbursement, and third-party-responsibility provisions. To the extent any other plan, policy, insurer, tortfeasor, responsible party, settlement, judgment, or other source is or may be responsible for the charges at issue, the Plan's obligations, if any, are secondary, excess, reduced, reimbursable, or otherwise limited.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Subrogation, Reimbursement, Setoff, and Recoupment)

Defendants are entitled to all rights of subrogation, reimbursement, setoff, recoupment, offset, credit, equitable lien, and recovery available under the Plan, ERISA, federal common law, or other applicable law for any amounts paid or allegedly payable in connection with the claims at issue, including any amounts recoverable from Plaintiff, the participant, any provider, any insurer, any responsible party, or any third party.

## TWELFTH AFFIRMATIVE DEFENSE

### (Maximum Allowable Charge / No Billed-Charges Recovery)

Plaintiff's recovery, if any, is limited to the amount payable under the Plan, including the Maximum Allowable Charge, any negotiated rate, any recognized or allowed amount, applicable deductible, copayment, coinsurance, out-of-pocket,

17

audit, repricing, medical-record-review, and cost-containment provisions, and all other applicable Plan limits.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Surprises Act Limitations)

Plaintiff's purported Second Cause of Action is barred, in whole or in part, because the No Surprises Act does not create an independent right to recover billed charges from Defendants, does not displace the Plan's terms except to the extent expressly required by federal law, and does not provide the remedy Plaintiff seeks. Any payment obligation, if any, is limited to the categories, amounts, procedures, cost-sharing rules, and remedies available under the No Surprises Act, ERISA, and the Plan.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Independent Cause of Action Through ERISA)

Plaintiff may not use ERISA Section 502(a)(1)(B) to enforce alleged rights under the No Surprises Act that are not benefits due under the terms of the Plan or otherwise enforceable through ERISA. To the extent Plaintiff seeks to assert an independent No Surprises Act enforcement claim, such claim is unavailable, barred, or limited by the governing statutes and regulations.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Untimely Claim Submission)

Plaintiff's claims are barred, reduced, or limited to the extent any claim was not submitted within the time required by the Plan, including the Plan's timely-filing requirements for post-service health claims, or was otherwise not submitted in accordance with the Plan's claims procedures.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff's claims are barred, in whole or in part, because Plaintiff, the participant, the beneficiary, the claimant, and/or their alleged representatives failed

Defendants' Answer to Complaint                    Case No. 2:26-cv-00447

to exhaust the Plan's mandatory administrative claims and appeals procedures before filing suit.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Complete Required Appeals)**

Plaintiff's claims are barred or limited because the Plan requires compliance with its internal appeal procedures, including any applicable first-level and second-level appeal requirements, and Plaintiff failed to complete all required appeal levels before commencing this action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Administrative Record / Scope of Review)**

Judicial review, if any, is limited to the administrative record before the claims administrator at the time of the final benefit determination, except to the extent otherwise permitted by ERISA. Plaintiff may not rely on evidence, theories, documents, or arguments that were not properly submitted during the administrative claim and appeal process.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Discretionary Authority and Standard of Review)**

The Plan grants discretionary authority to the Plan Administrator to interpret Plan provisions, determine eligibility, determine entitlement to benefits, resolve factual and legal questions, and decide disputes under the Plan. Any benefit determination is therefore entitled to the maximum deference permitted by law.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Waiver or Estoppel)**

Defendants did not waive, and are not estopped from asserting, any Plan term, exclusion, limitation, condition, defense, standing argument, assignment limitation, authorized-representative requirement, exhaustion requirement, or other defense. Any communications, claim handling, appeal handling, or consideration of information did not waive the Plan's terms or expand Plaintiff's rights.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Oral Modification or Informal Amendment)

Plaintiff's claims are barred to the extent they rely on alleged oral statements, informal communications, benefit verifications, authorizations, estimates, approvals, or other representations that do not constitute enforceable Plan terms or formal Plan amendments.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Exclusive ERISA Remedies)

Plaintiff's remedies, if any, are limited to those available under ERISA and the Plan. Plaintiff may not recover punitive damages, consequential damages, extra-contractual damages, penalties, interest, attorneys' fees, costs, or other relief except to the extent expressly authorized by ERISA, the Plan, or applicable law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Attorneys' Fees or Prejudgment Interest)

Plaintiff is not entitled to attorneys' fees, costs, prejudgment interest, post-judgment interest, statutory penalties, or any other monetary relief beyond benefits, if any, due under the terms of the Plan, except to the extent expressly authorized by ERISA and awarded by the Court.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate / Avoidable Damages)

Plaintiff's claims are barred or reduced to the extent Plaintiff failed to mitigate damages, failed to submit required information, failed to pursue available administrative remedies, failed to pursue available payment sources, failed to avoid unnecessary charges, or otherwise caused or increased the amounts it now seeks.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Reservation of Additional Defenses)

Defendants presently lack full information regarding Plaintiff's claims, the alleged assignments, the administrative record, the participant's accident, available

Defendants' Answer to Complaint                    Case No. 2:26-cv-00447

third-party coverage, Plaintiff's billing, and Plaintiff's claim and appeal submissions. Defendants reserve the right to assert additional defenses as facts are developed through investigation, discovery, and review of the administrative record.

## DEFENDANTS' REQUEST FOR RELIEF

WHEREFORE, Defendants pray for relief against Plaintiff as follows:

1.    For entry of Judgment in favor of Defendants and against Plaintiff;

2.    That Plaintiff take nothing by way of its Complaint;

3.    That Defendants be awarded their costs of suit incurred herein, including reasonable attorneys' fees pursuant to statute; and

4.    That the Court award Defendants such other and further relief as it deems just and proper.


Dated:  June 9, 2026                              JACKSON LEWIS P.C.


                                        By:  /s/ Donald P. Sullivan
                                             Donald P. Sullivan
                                             Attorneys for Defendants
                                             DIRTY HANDS, LLC, and DIRTY
                                             HANDS, LLC HEALTH BENEFITS
                                             PLAN

4932-5683-9860, v. 1

Defendants' Answer to Complaint                              Case No. 2:26-cv-00447